UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**MICHELLE MOLA**, individually on behalf
of herself and other similarly situated,

    Plaintiff,

v.

**RDCW2, INC**., a Florida Profit Corporation, d/b/a
Rubber Ducky Car Wash and Detail Center
and **PAOLO A. WESTON**, individually

    Defendants.
_____/

CASE NO.:

**JURY DEMAND**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Michelle Mola ("Plaintiff"), on behalf of herself and other employees and former employees similarly situated, by and through their undersigned counsel, files this Complaint against Defendants, RDCW2, INC. (d/b/a "Rubber Ducky"), a Florida Profit Corporation, and PAOLO A. WESTON, individually, and states:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

### PARTIES

3. At all times material hereto, Plaintiff was a resident within the jurisdiction of the Southern District of Florida.

4. At all times material hereto, Rubber Ducky was, and continues to be a Florida

Profit Corporation, engaged in business in Florida, with a principle place of business in West Palm Beach, Florida.

5. At all times material hereto, PAOLO A. WESTON was an individual resident of the State of Florida, who owned and operated RUBBER DUCKY, and who regularly exercised authority to: (a) hire and fire employees of RUBBER DUCKY; (b) determine the work schedules for employees of RUBBER DUCKY; and (c) control the finances and operations of RUBBER DUCKY.

6. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, by virtue of the fact that she regularly and customarily greeted customers, took orders for car washes, and washed and cleaned vehicles on behalf of Defendants and their customers as part of her employment with Defendants.

7. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

8. At all times material hereto, Defendants were the "employer" within the meaning of FLSA.

9. Defendant, RUBBER DUCKY, was, and continues to be, the "employer" within the meaning of FLSA.

10. Defendant, PAOLO A. WESTON, was, and continues to be, the "employer" within the meaning of FLSA.

11. Defendant, PAOLO A. WESTON is an employer as defined by 29 U.S.C §201 <u>et seq.</u>, in that he acted, directly or indirectly, in the interests of RUBBER DUCKY toward Plaintiff and others similarly situated.

12. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

13. At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods and services," in that the Defendants' employees provide goods and services within the meaning of the FLSA.

14. Based upon information and belief, the annual gross revenue of Defendants is and was in excess of $500,000.00 per annum for all relevant time periods.

15. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

16. At all times material hereto, Plaintiff was engaged in the "production of goods and services" and subject to the individual coverage of the FLSA.

17. The additional persons who may become Plaintiffs in this action are/were hourly paid laborers of the Defendants, who held similar positions to Plaintiff, but were not compensated for all hours worked and remained working off-the-clock, which resulted in:

    a. workweeks where they were compensated at a rate less than the federal minimum wage; and/or

    b. worked in excess of forty (40) hours during one or more workweeks during the relevant time periods but did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

18. These unpaid wages stem from the Defendants' practice of "shaving" hours in an effort to avoid paying Plaintiff and those similarly situated for all hours worked.

19. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

20. Defendants operate as a car wash center and provide vehicle-cleaning services

for customers.

21. According to their website, Defendants operate in three (3) locations across the State of Florida, and are engaged in production of goods and services in that the Defendants' employees provides goods and services within the meaning of the FLSA.

22. Defendants hired Plaintiff to work as an hourly-paid laborer in or about February 2016.

23. Plaintiff's primary duty was greeting customers, taking orders for car washes, and cleaning the vehicles of Defendants' customers.

24. Plaintiff worked in excess of forty (40) hours in workweeks in the relevant time period for Defendants.

25. However, Plaintiff was not properly compensated for all her overtime hours worked during the relevant periods of time.

26. Instead, Defendants systematically paid, and continue to pay, Plaintiff and other similarly situated laborers for substantially fewer hours than they actually worked.

27. Defendants' supervisors systematically and consistently "shaved" the laborers' hours worked, which resulted in off-the-clock hours worked.

28. This off-the-clock work also resulted, and continues to result in laborers' wages falling beneath the statutory minimum wage in one or more workweeks.

29. At various material times throughout the duration of Plaintiff's employment, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a given workweek. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

30. At various material times throughout the duration of Plaintiff's employment,

Defendants failed to pay Plaintiff at least the federal minimum wage in one or more workweeks.

31. Defendants have violated Title 29 U.S.C. §206 and §207 in that:

   a. Plaintiff worked in excess of forty (40) hours per week in at least some weeks during her period of employment as a laborer with Defendants;

   b. No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all those hours worked in excess of forty (40) hours per workweek while Plaintiff worked as a laborer for Defendants and as provided by the FLSA;

   c. Defendants failed to pay Plaintiff at least minimum wage in one or more workweeks in violation of the FLSA; and

   d. Defendants failed to maintain proper time records as mandated by the FLSA.

32. Plaintiff retained the law firm of MORGAN & MORGAN, P.A., to represent Plaintiff in the litigation.

## **COLLECTIVE ACTION ALLEGATIONS**

33. Plaintiff and the class members are/were all hourly-paid laborers of Defendants and performed the same or similar job duties as one another.

34. Defendants failed to compensate Plaintiff, and those similarly situated, a time-and-a-half overtime premium for their hours worked over forty (40) in workweeks and/or the minimum wage throughout the relevant time period.

35. This policy or practice was applicable to Plaintiff and the class members. Applications of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice that resulted in the

non-payment of overtime/minimum wage to Plaintiff applied and continues to apply to all class members. Accordingly, the class members are properly defined as:

> **All hourly-paid non-exempt laborers who worked for Defendants during the relevant time period, who worked in excess of 40 hours in one or more workweeks and were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in one or more workweeks and/or were not compensated at a rate at least equivalent to the federal minimum wage in one or more workweeks as required by the FLSA.**

36. Thus, the class members are owed minimum wage and/or overtime wages for the same reasons as Plaintiff.

37. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

38. Specifically, despite the fact that numerous employees brought Defendants' aforementioned illegal policies and FLSA violations to Defendants' attention throughout their employment, Defendants' refused to pay Plaintiff and those similarly situated their proper compensation as required by the FLSA.

39. Defendants did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

40. During the relevant period, Defendants violated the FLSA by employing employees in an enterprise engaged in commerce or in the production of goods and services for commerce within the meaning of the FLSA, as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

41. During the relevant period, Defendants violated the FLSA by employing employees in an enterprise engaged in commerce or in the production of goods and services for

6

commerce within the meaning of the FLSA, as aforesaid, for one or more workweeks without compensating such employees for their work at a rate at least equivalent to the federal minimum wage in or one or more workweeks.

42. Defendants' failure to properly compensate their employees at a rate equal to or greater than minimum wage as required by the FLSA, and/or rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, results from Defendants' policy or practice that applies to all similarly situated employees, companywide.

43. Defendants acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

44. Defendants failed to maintain accurate records for Plaintiff and the class members' work hours in accordance with the law.

## COUNT I
## VIOLATION OF 29 U.S.C. §207
## OVERTIME COMPENSATION

45. Plaintiff realleges and reincorporates paragraphs 1 through 44 as if fully set forth herein.

46. Plaintiff worked in excess of forty (40) hours per week.

47. Plaintiff was not properly compensated at the statutory rate of one and one-half times her regular rate of pay for the hours she worked in excess of forty (40) hours each workweek.

48. Plaintiff was entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

49. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

50. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when they had knowledge, or should have known, such was, and is due to Plaintiff.

51. Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

52. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered, and continues to suffer, damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

53. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

54. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§ 516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and one half for their overtime hours.

55. Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff are/were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks, because Defendants failed to properly pay Plaintiff, and those similarly situated to her, proper overtime wages at time and one half their regular rate of pay for such hours.

56. Plaintiff demands a trial by jury.

## COUNT II
## MINIMUM WAGE VIOLATION UNDER FLSA

57. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-44 as if fully set forth herein.

58. Defendants were required to pay Plaintiff at least the minimum wage for all hours he worked for Defendants.

59. Defendants failed to pay Plaintiff minimum wage for all hours she worked for Defendants.

60. Defendants had specific knowledge that it was paying sub-minimum wages to Plaintiff, but still failed to pay Plaintiff at least minimum wages.

61. Defendants willfully failed to pay Plaintiff the Federal minimum wage in one or more workweeks during the relevant time period as a result of their off-the-clock policies, in violation of 29 U.S.C. § 206.

62. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

## COUNT III
## DECLARATORY RELIEF

63. Plaintiff realleges and reincorporates paragraphs 1 through 44 as if fully set forth herein.

64. Plaintiff and Defendants have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

65. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

66. Plaintiff may obtain declaratory relief.

67. Defendants employed Plaintiff.

68. Defendants are an enterprise.

69. Plaintiff was individually covered by the FLSA.

70. Plaintiff is entitled to overtime compensation pursuant to 29 U.S.C. §207(a)(1).

71. Defendants did not keep accurate time records pursuant to 29 U.S.C. §211(c) and 29 C.F.R. Part 516.

72. Defendants did not rely on a good faith defense in its failure to abide by the provisions of the FLSA.

73. Plaintiff is entitled to an equal amount of liquidated damages.

74. It is in the public interest to have these declarations of rights recorded.

75. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations at issue.

76. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

77. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

    a. Awarding Plaintiff minimum wage compensation in the amount due to her for workweeks Plaintiff worked for Defendants at a rate equivalent to the federal minimum wage;

    b. Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's hours worked in excess of forty (40) hours per workweek while employed by Defendants;

    c. Awarding Plaintiff liquidated damages in an amount equal to the

minimum wage and/or overtime award;

d. Awarding Plaintiff pre-judgment and/or post-judgment interest;

e. Granting Plaintiff an Order, on an expedited basis, allowing her to send Notice of this action, pursuant to 216(b), to those similarly situated to Plaintiffs;

f. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime wage provisions and/or minimum wage provisions of the FLSA; Defendants failed to keep accurate time records, Defendants have a legal duty to pay Plaintiff overtime and/or minimum wage pursuant to the FLSA, Defendants failed to prove a good faith defense, and Plaintiff is entitled to overtime wages, minimum wages, liquidated damages, and reasonable attorneys' fees pursuant to the FLSA;

g. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 1st day of February 2017.

Respectfully Submitted,

**s/ MICHAEL HANNA**
MICHAEL HANNA, Esquire
Florida Bar No.: 85035
Morgan & Morgan, P.A.
600 N. Pine Island Rd., Suite 400
Plantation, FL 33324
Telephone: (954) 318-0268
Facsimile: (954) 333-3515
Email: MHanna@forthepeople.com
*Trial Counsel for Plaintiff*

11